**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0777n.06

No. 12-4286

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Aug 21, 2013***

DEBORAH S. HUNT, Clerk

AROLDO SOLIS-NOLASCO,        )
                                       )

     Petitioner,        )

                                       )

v.        )        ON PETITION FOR REVIEW
                                       )        FROM THE UNITED STATES

ERIC H. HOLDER, JR., Attorney General,        )        BOARD OF IMMIGRATION
                                       )        APPEALS

     Respondent.        )

BEFORE:  BOGGS and SILER, Circuit Judges; DOWD, District Judge.[*]

PER CURIAM.  Aroldo Solis-Nolasco requests judicial review of the Board of Immigration Appeals's decision to affirm the Immigration Judge's denial of his application for withholding of removal and its decision not to reinstate his voluntary-departure period.  For the following reasons, the petition is denied in part and remanded in part.

**I.  Background**

Petitioner Aroldo Solis-Nolasco ("Petitioner" or "Solis-Nolasco") is a male from the Ixchiguán village in San Marcos, Guatemala and is ethnically Mayan and Mamean.  Administrative Record ("AR") 100.  He entered the United States in 2001 without inspection by an immigration officer.  AR 115, 270.

The Department of Homeland Security ("DHS") filed a Notice to Appear in July of 2010 to commence removal proceedings against Petitioner pursuant to the Immigration and Nationality Act

---

[*]The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

of 1952 ("INA") §240, 8 U.S.C. §1299(a). AR 343-345. Petitioner filed an application for withholding of removal pursuant to INA §241(b)(3), 8 U.S.C. §1231(b)(3), and for protection under the Convention Against Torture ("CAT") pursuant to 8 C.F.R. §§ 1208.16(c), 1208.18. AR 269-280. In the alternative, he requested the privilege of voluntary departure. AR 27. In his application for withholding of removal and protection under CAT, Petitioner indicated that he has been persecuted in Guatemala because of one of the five grounds protected by the INA, namely his race and membership in a particular social group. AR 274. He further indicated that he was afraid of being subjected to torture in his home country. AR 275.

At a hearing before the Immigration Judge ("IJ"), Petitioner testified that members of the neighboring village of Tajumulco persecuted members of his village, killed his parents, burned down his house, and tortured him because the residents of that neighboring village wanted to take over the land that Petitioner and his family lived on. AR 101-106. He was not sure specifically when or in what years this mistreatment occurred, and he was vague in describing the specific mistreatment that he suffered. *See* AR 101-110. Because of this alleged mistreatment, Petitioner came to the United States through California in 2001. *See* AR 115-116. Petitioner's sisters, children, and mother-in-law still live in Guatemala. AR 120-121.

Petitioner supported his allegations by submitting articles, reports, and affidavits from his sister and the Mayor of Ixchiguán describing the land dispute between the two villages and the general conditions in the area. AR 171-175, 183-266, 301-303. Petitioner did not submit any further corroborative evidence that specifically described his parents' death or his personal mistreatment. *See* AR 69-71.

On July 19, 2011, the IJ denied Solis-Nolasco's application for withholding of removal under the INA because Petitioner's claim of past persecution was not sufficiently corroborated and Petitioner did not establish a nexus to a protected ground. AR 72. The IJ also denied Petitioner's request for protection under the CAT because Petitioner's alleged mistreatment did not constitute torture at the hand of a government force as defined in the regulations. AR 72. Although the IJ denied Petitioner's claims for withholding of removal and for protection under the CAT, Petitioner was granted the privilege of voluntary departure conditioned upon posting of a bond in the amount of $500 within five business days. AR 73-74. Alternatively, the IJ imposed an order of removal to Guatemala if Petitioner failed to post bond in a timely manner or to depart as required. AR 73-74.

On October 1, 2012, the Board of Immigration Appeals ("BIA") adopted the IJ's reasoning and dismissed Petitioner's appeal. *See* AR 3-4. In its dismissal, the BIA indicated that "[t]he record does not reflect that the respondent submitted timely proof of having paid the voluntary departure bond." AR 4. Therefore, the BIA did not reinstate the voluntary-departure period granted by the IJ, but it instead ordered Petitioner removed pursuant to the IJ's alternate order. AR 4.

## II. Standard of Review

The decision of the BIA is the final agency decision that Solis-Nolasco asks the court to review, but when the BIA adopts the IJ's decision, we also review the IJ's decision to the extent that it was adopted and supplemented by the BIA. *See Ceraj v. Mukasey*, 511 F.3d 583, 588 (6th Cir. 2007). The court decides the petition for review "only on the administrative record on which the order of removal is based." 8 U.S.C. §1252(b)(4)(A). The factual findings of the administrative record are reviewed under the substantial-evidence standard. *Hamida v. Gonzales*, 478 F.3d 734, 736 (6th Cir. 2007). This means that the findings must be upheld if "supported by reasonable,

substantial, and probative evidence on the record considered as a whole." *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (internal quotation marks omitted); *Camara v. Holder*, 705 F.3d 219, 223 (6th Cir. 2013).

### III. Withholding of Removal

**1.      Law**

The INA protects an alien from removal if his life or freedom would be threatened in the designated country of removal based on one of five grounds: race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §1231(b)(3)(A). An alien seeking withholding of removal under this section bears the burden of establishing a clear probability that his life or freedom would be threatened in the proposed country of removal on account of one of those five protected grounds. *See* 8 C.F.R. §1208.16(b); *I.N.S. v. Stevic*, 467 U.S. 407, 413 (1984). One way an alien may satisfy this burden is by showing that he suffered past persecution on account of one of the five protected grounds. 8 C.F.R. §1208.16(b)(1).

If an alien establishes past persecution, then "it shall be presumed that the applicant's life or freedom would be threatened in the future in the country of removal on the basis of the original claim." 8 C.F.R. §1208.16(b)(1)(i). Once the alien has established the presumption that his life or freedom would be threatened, the burden of proof rests on the government to rebut such presumption by showing "that there has been a fundamental change in circumstances in the proposed country of removal or that the applicant could reasonably be relocated to another part of the country, such that his life or freedom would not be threatened." *Haider v. Holder*, 595 F.3d 276, 283-84 (6th Cir. 2010); 8 C.F.R. §1208.16(b)(1)(i)(A)-(B).

## 2. Analysis

Petitioner claims that the IJ and BIA erred in denying his application for withholding of removal because Petitioner established that he will be subject to persecution if removed to Guatemala by showing that he has been persecuted in the past because of one of five grounds enumerated in the INA. *See* Petitioner's Petition for Judicial Review of an Immigration Order of Removal, Case No. 12-4286, Dec. 31, 2012, at 20-26. Solis-Nolasco argues that once he established past persecution, the burden of proof was on the government to rebut the presumption that his life and freedom were in danger. Petition for Judicial Review, at 15-20.

This court, however, agrees with the IJ that Petitioner's testimony was not "sufficiently detailed to carry the day," and that there was "virtually no specific corroborating evidence." AR 69-70. Further, Solis-Nolasco did not establish the required nexus between his alleged past persecution and one of five grounds enumerated in the INA. AR 71. As the IJ held, this dispute was "not necessarily a dispute on account of race or on account of membership in a particular social group." AR 71. Petitioner's testimony and corroborating evidence describe alleged persecution based on a land or territory dispute. AR 71-72. Mistreatment based on a land dispute does not fall under a protected ground of the INA. *See* 8 U.S.C. §1231(b)(3)(A).

Since Solis-Nolasco did not establish past persecution, there is no presumption that his life or freedom will be threatened in the future, and the burden did not shift to the Government to rebut such presumption. This determination is supported by substantial evidence. Based on this analysis, we deny the petition for review of the application for withholding of removal.

## IV. Privilege of Voluntary Departure

Solis-Nolasco also asserts that the BIA erred in declining to reinstate the voluntary-departure period granted by the IJ and instead ordering Petitioner removed to Guatemala. Petition for Judicial Review, at 26-30. In support of its decision to order Petitioner's removal, the BIA stated that the record did not reflect that Petitioner provided proof of having paid his voluntary-departure bond. AR 4. The administrative record presented to this court, however, reflects that Petitioner attached the receipt from the DHS for his bond payment to his appeal to the BIA. *See* AR 48-54. The BIA did not make any mention of this receipt or explain why attachment of the receipt was not sufficient proof that Petitioner timely paid his voluntary-departure bond. *See* AR 4. Therefore, we remand the case for further explanation or reconsideration of the BIA's decision not to reinstate the voluntary-departure period and instead order Petitioner removed pursuant to the IJ's alternate order.

## V. Conclusion

For the foregoing reasons, the petition for review of withholding of removal is denied. The petition for review of the privilege of voluntary departure is remanded to the BIA for further consideration.